**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.

**JONATHAN LEWIN,**

     **Plaintiff,**

**v.**

                                      **JURY TRIAL DEMANDED**

**NRA GROUP, LLC D/B/A NATIONAL**
**RECOVERY AGENCY,**

     **Defendant.**

_____/

## <u>COMPLAINT</u>

Plaintiff Jonathan Lewin ("Plaintiff") sues Defendant NRA Group, LLC d/b/a National Recovery Agency ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## <u>JURISDICTION AND VENUE</u>

1.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2.     Supplemental jurisdiction exists for Plaintiff's FCCPA claim under to 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Miami-Dade County, Florida.

4.     Venue of this action is proper in this Court because the cause of action alleged below arose in Miami-Dade County, Florida.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6.      Defendant is a Pennsylvania limited liability company, with its principal place of business located in Harrisburg, Pennsylvania.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

8.      On or about December 28, 2026, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

9.      The Consumer Debt is an obligation allegedly had to pay money arising from a transaction between the creditor of the Consumer Debt and someone other than Plaintiff (the "Subject Service").

10.      Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

11.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12.      Defendant is a business entity engaged in the business of collecting consumer debts.

13.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15.     Defendant "Consumer Collection Agency" license number is CCA9904296.

16.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18.     For example, Defendant does maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19.     Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20.     As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21.     Additionally, Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

### The Violative Conduct

22.     On or about December 28, 2026, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First Collection Communication").

23.     A screenshot of the First Collection Communication is attached hereto as "Exhibit A."

24.     On or about January 3, 2026 (labeled as "sabado, 1:51 PM"), Defendant sent Plaintiff another collection communication (the "Second Collection Communication").

25.     A screenshot of the Second Collection Communication is attached hereto as "Exhibit A."

26.     The First Collection Communication and Second Collection Communication are collectively referred to as the "Collection Communications."

27.     Plaintiff does not owe the Consumer Debt because they do not have and have never had an account with Coweta Emergency Group LLC.

28.     As such, by and through the Collection Communications, Defendant attempted to collect an alleged debt from Plaintiff that Plaintiff did not owe.

**COUNT I**

**VIOLATION OF 15 U.S.C. § 1692e(2)(A) and § 1692e(10)**

29.     Plaintiff incorporates by reference ¶¶ 1-28 of this Complaint.

30.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. § 1692e(2)(A) and (10).

31.     As set forth above, the Collection Communications were attempts to collect an alleged debt from Plaintiff that Plaintiff did not owe.

32. By attempting to collect an alleged debt from Plaintiff that Plaintiff did not owe, Defendant made a "false representation of the character, amount, or legal status of" the Consumer Debt. 15 U.S.C. § 1692e(2)(A).

33. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a "false representation or deceptive means to collect or attempt to collect" the Consumer Debt. 15 U.S.C. § 1692e(10).

34. Accordingly, Defendant violated 15 U.S.C. § 1692e, by and through the Collection Communications.

35. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(9)

36. Plaintiff incorporates by reference ¶¶ 1-28 of this Complaint.

37. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

38. As set forth above, the Collection Communications were attempts to collect an alleged debt from Plaintiff that Plaintiff did not owe.

39.     By attempting to collect an alleged debt from Plaintiff that Plaintiff did not owe, Defendant claimed, attempted, or threatened to enforce the Consumer Debt against Plaintiff when Defendant knew that Plaintiff did not owe the Consumer Debt.

40.     By attempting to collect an alleged debt from Plaintiff that Plaintiff did not owe, Defendant asserted the existence of a legal right when Defendant knew that such right did not exist.

41.     Accordingly, Defendant violated Fla. Stat. § 559.72(9) by and through Collection Communications.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k and Fla. Stat. § 559.77(2);

(b)     An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692e and Fla. Stat. § 559.72(9);

(c)     An injunction requiring Defendant to comply with 15 U.S.C. § 1692e and Fla. Stat. § 559.72(9);

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e)     Any other relief that this Court deems appropriate under the circumstances.

DATED: April 7, 2026

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No.: 1065929
E-mail: mitchell@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 734-730-9959

*COUNSEL FOR PLAINTIFF*